IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

vs.

**QUAWNTAY ADAMS,**

**Defendant.**                                                               No. 04-CR-30029-DRH-3

**MEMORANDUM & ORDER**

**HERNDON, District Judge:**

## I. Introduction

Defendant Quawntay Adams is currently indicted on charges of conspiracy to knowingly and intentionally distribute and possess with intent to distribute marihuana (Count 1); possession with intent to distribute marihuana (Count 2); money laundering conspiracy (Count 3); two counts of attempting to escape from custody (Counts 4 and 5); and forfeiture (Count 6) **(Doc. 155, Second Superceding Indictment)**.[1] Now before the Court is Defendant's Motion to Sever Counts IV and V of the Superceding Indictment **(Doc. 146)** and Motion for Severance of Defendants[2] **(Doc. 145)**. The Government opposes Defendant's motions **(Docs. 153 & 154)**. For the reasons set forth below, the Court denies Defendant's motions to sever.

---

[1] Defendant's motions are based on the first Superceding Indictment **(Doc. 112)**.

[2] Defendant's newly appointed counsel filed a paper adopting the motions filed by Defendant's previous attorney **(Doc. 162)**.

1

## II. Analysis

### A. Severance of the Attempted Escape Charges from the Underlying Substantive Offenses

Defendant argues that joinder of the escape charges (Counts 4 and 5) with the substantive offenses (Counts 1-3) was not proper under **FEDERAL RULE OF CRIMINAL PROCEDURE 8(a)** because there is no substantial identity of facts and participants between the attempted escape counts and the underlying substantive offenses.

**FEDERAL RULE OF CRIMINAL PROCEDURE 8(a)** provides:

> **(a) Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

**FED. R. CRIM. P. 8(a)**.  An escape and the underlying substantive offense are sufficiently connected to permit joinder under **FEDERAL RULE OF CRIMINAL PROCEDURE 8(a)** if the offenses are related in time, the motive for flight was avoidance of prosecution of the substantive offense, and custody derived directly from the substantive offense.  *See United States v. Peoples,* 748 F.2d 934, 936 (4th Cir. 1984), *cert denied,* 471 U.S. 1067 (1985)(citing *United States v. Ritch,* 583 F.2d 1179, 1181 (1st Cir. 1978)); *see also United States v. Gabay,*

2

**923 F.2d 1536, 1539 (11th Cir. 1991)(holding that joinder of defendant's counterfeiting and bond jumping indictments was permissible);** *United States v. Quinones,* **516 F.2d 1309, 1312 (1st Cir.),** *cert denied,* **423 U.S. 852 (1975)(holding  that joinder was proper despite the fact that the defendant was in custody related to charges that were dismissed at the start of the proceeding, not the remaining substantive counts)**.  Here, the Court finds that the escape offenses are sufficiently connected to the drug and money laundering charges to satisfy **RULE 8(a)** given Defendant was in custody for the drug and money laundering charges at the time of the attempted escapes and avoiding prosecution was the alleged motive for the escape attempts **(Doc. 153, Response to Def.'s Mot. To Sever Counts IV and V of the Superseding Indictment, at p. 1)**.

However, even if **RULE 8(a)** permits joinder, the court should not grant a motion to join if unfair prejudice results to the defendant.  **See FED. R. CRIM. P. 14(a);** *see also Peoples,* **748 F.2d at 936**.  In this case, Defendant has not articulated any unfair prejudice.  Even assuming he had, unfair prejudice does not result if evidence admissible to prove each charge is also admissible to prove the other charge.  **See Peoples, 748 F.2d at 936**.  Thus, here, Defendant cannot establish unfair prejudice because evidence of the underlying offenses is admissible to prove motive for the flight under **FEDERAL RULE OF EVIDENCE 404(b)**, and the fact of an escape is admissible to show consciousness of guilt in a separate trial on the substantive charges.  **See United States v. Williams, 295 F.3d 817, 819 (8th Cir.**

2002); *Cf. United States v. Wilson,* 237 F.3d 827, 835 (finding "[i]t was reasonable for the jury to infer guilt of drug crimes from the fact that [the defendant] ran from law enforcement personnel because he realized that they wanted to revoke his bond because of his involvement in drug crimes"). Put simply, the Court finds that the attempted escape charges should not be severed.

### B. Severance of the Codefendants

Defendant moves for the Court to sever his trial from his codefendants pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 14** and *Bruton v. United States,* 391 U.S. 123 (1968). In support of his motion, Defendant tells the Court that he is advised that there are certain statements and admissions inculpatory to him that may have been made by his codefendants to law enforcement officers. He argues that the use of these statements by the prosecution against him at a joint trial would deprive him of the opportunity to call witnesses and to cross-examine his codefendants. Defendant also tells the Court should his codefendants elect to become witnesses in their own defense, he would be forced either to testify on his own behalf or have the jury make an adverse inference from his refusal to testify, and would therefore be deprived of his constitutional rights.

The Government responds that should it introduce confessions of Defendant's jointly tried codefendants, express references to Defendant will be redacted so as to avoid facial incrimination and a violation of *Bruton*. The Government also points out that severance would be contrary to the overwhelming

preference for joint trials.

**FEDERAL RULE OF CRIMINAL PROCEDURE 14** provides:

> **(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

**FED. R. CRIM. P. 14(a)**. At a joint trial, when a prior confession or statement of a non-testifying codefendant is admitted and that statement incriminates both defendants, its admission violates the defendant's right of cross-examination, despite instructions requiring the jury to consider the confession only against the confessing codefendant. ***See Bruton,* 391 U.S. at 126, 135-36**. However, the admission of a non-testifying codefendant's redacted confession, one that does not facially incriminate the non-confessing codefendant, when combined with proper limiting instructions, does not violate the Confrontation Clause. ***See Richardson v. Marsh,* 481 U.S. 200, 211 (1987)**; ***see also United States v. Mansoori,* 304 F.3d 635, 663-64 (7th Cir. 2002)**, ***cert. denied,* 538 U.S. 967 (2003)**.

In this case, the Court finds severance unnecessary because redaction and a proper limiting instruction can adequately protect Defendant's constitutional rights. The Court believes this result is appropriate particularly given the Seventh Circuit's preference for a joint trial where, as here, there are conspiracy charges. ***United States v. Chrismon,* 965 F.2d 1465, 1476 (7th Cir. 1992); *see also United States v. Brooks,* 125 F.3d 484, 501-02 (7th Cir. 1997)(quoting *United***

5

*States v. Buljubasic,* **808 F.2d 1260, 1263 (7th Cir.),** *cert. denied,* **484 U.S. 815 (1987))(expressing a preference for a joint trial because it provides the best perspective on the evidence as a whole and thus "increases the likelihood of a correct outcome.")** In short, the Court denies Defendant's motion to sever the defendants.

### III.  Conclusion

In sum, the Court **DENIES** Defendant's Motion to Sever Counts IV and V of the Superceding Indictment **(Doc. 146)** and Motion for Severance of Defendants **(Doc. 145)**.

The Court also **DENIES with leave to refile** Defendant's Request for Disclosure of Expert Testimony Pursuant to Rule 16(a)(1)(G) **(Doc. 105)**, Motion for Notice of Intent to Use and Description of 404(B) Evidence **(Doc. 106)**, and Defendant's Motion for Disclosure of Impeaching Information with Memorandum in Support **(Doc. 109)**.

**IT IS SO ORDERED.**

Signed this 23rd day of June, 2005.

<u>/s/    David RHerndon</u>
**United States District Judge**