IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

QUAWNTAY ADAMS, et al.,

    Defendants.                                      Case No. 04-CR-30029-DRH

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

This matter is before the Court on Defendant Quawntay Adam's ("Defendant") Motion in Limine to Bar 404(b) Evidence (Doc. 257), to which the Government has filed a timely opposing Response (Doc. 269). Defendant seeks to withhold from evidence the following two items the Government intends to offer as part of its case-in-chief against Defendant: (1) Defendant's 1997 conviction for sale of a controlled substance in January, 1996, in Oceanside, California; and (2) Defendant's July, 1996 arrest for possession of a controlled substance in Las Vegas, Nevada (Doc. 257, p. 1). Defendant also seeks to exclude the following: (1) any mention or reference to the circumstances surrounding Defendant's 1997 conviction and 1996 arrest; and (2) any mention or reference to Defendant's alleged involvement with drug trafficking and drug use over the past ten years (*Id.*).

## II. ANALYSIS

**A.   Legal Standard**

   **1.   Rule 404(b)**

   **Rule 404(b)** of the Federal Rules of Evidence reads as follows:

   Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Further, **Rule 403** states:

   Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The Seventh Circuit has combined the evidentiary requirements expressed in **Rules 404(b)** and **403** into a four-prong test to govern the admission of prior bad acts evidence.  ***See United States v. Asher*, 178 F.3d 486, 492 (7th Cir. 1999)(citations omitted)**.  According to the Seventh Circuit, "[e]vidence of prior crimes, wrongs, or acts may be admitted when: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to

support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." **Id.**  A court's decision to admit or exclude evidence based upon this four-prong test, in accordance with **Rules 404(b) and 403**, are reversible only for an abuse of discretion. ***United States v. Harrod*, 856 F.2d 996, 999 (7th Cir. 1988)(citing *United States v. Chaimson*, 760 F.2d 798, 808 (7th Cir.1985) (quoting *United States v. Brown*, 688 F.2d 1112, 1117 (7th Cir.1982))**.

B.     **Admission of Defendant's 1996 Arrest and 1997 Conviction**

Defendant believes the Government fails to meet any of the four prongs for admissibility of prior bad acts (Doc. 257, p. 2).  Defendant further argues that these two prior events, occurring "over nine years ago," are irrelevant to the issues at hand, other than to show Defendant's propensity to commit narcotics offenses (*Id.*).  Such evidence, Defendant asserts, would be "substantially more prejudicial than probative and should therefore be barred from admission into evidence or other reference during trial (*Id.* at 3).

Conversely, the Government states that this evidence will not be offered to show Defendant's propensity, but rather, "to show Defendant's intent, plan, knowledge and identity, in conformity with the Rule" (Doc. 269, p. 2).  However, the Government chooses not to elaborate on how this would be accomplished.  This does not appear to be a case where it is necessary for the Government to establish a pattern to show such intent, plan, knowledge and identity, in order to obtain a

conviction.  Therefore, a mere recitation of the language of Rule 404 will not suffice absent further substantiated arguments.  The Court fails to understand the Government's logic in how it arrived at this conclusive statement and fears the real reason for such evidence would be to establish Defendant's propensity to commit the crime is he now charged with.  For example, the Court admitted evidence under **Rule 404(b)** regarding the defendant's previous involvement in a bribery scheme, as his defense was lack of knowledge of the scheme and lack of intent.  ***United States v. Chaimson*, 760 F.2d 798, 804 (7th Cir. 1985)(found evidence of prior similar bribery scheme was relevant to the issue of specific intent to commit mail fraud, which was the pending charge against the defendant)**

The Government next argues that it meets the second prong, showing that Defendant's prior bad acts are similar enough and close enough in time to be relevant to the instant matter.  The Government claims the evidence surrounding Defendant's 1996 arrest and 1997 conviction are similar to Counts One and Two of the Third Superceding Indictment – conspiracy to possess and distribute a controlled substance and possession and distribution of a controlled substance – because all indicate Defendant's involvement in drug dealing.  Additionally, the Government feels these prior acts are recent enough to be admitted (Doc. 269, p. 2), and cites several Seventh Circuit cases regarding temporal proximity, which the Court feels are distinguishable from this case.

For example, in ***United States v. DeCastris***, the Seventh Circuit found

certain evidence of prior bad acts admissible, as it was necessary that the jury have evidence establishing a *pattern* of lies Defendant gave in response to questions on forms. These forms allowed Defendant, as a former Chicago police officer, to fraudulently collect disability benefits for over two years, while he was working full time. **798 F.2d 261, 265 (7th Cir. 1986)("It is the pattern, and not an isolated episode, that helps the jury to assess DeCastris's intent in returning the affidavits month upon month . . . [n]aturally the pattern will span a course of years (otherwise it's not much of a pattern), so the fact that the forms introduced here go as much as ten years before the first affidavit does not count against them.")(citations omitted)**. In ***United States v. Harrod***, although the court held that similar act committed five years prior to charged act was sufficiently recent, it was a case in which Defendant was charged in bank fraud and the prior acts were his involvement in a stolen check scheme and a stolen bond scheme. **856 F.2d at 1002 (The prior acts thus showed not only a pre-existing scheme, but also the appellant's knowledge and intent" . . . . Further, the prior acts "share[d] a truly distinctive feature[] with the crime with which the defendant [wa]s charged [to] support the inference that the defendant probably committed the crime.")(citing *United States v. Shackleford*, 738 F.2d 776, (7th Cir. 1984))**. The third case cited by the Government, ***Chaimson***, also allowed evidence of the defendant's prior acts, but again, this was for the purpose of showing specific intent necessary to convict the defendant. **760 F.2d at 806**.

While the circumstances surrounding Defendant's prior acts and the pending charges are similar in nature, this case is unlike ***DeCastris*** or the other cited cases because the Government has failed to argue the existence of a requisite pattern or a series of past events needed in order to convict Defendant, allowing the evidence to span a course of years. Moreover, case law indicates that there is no firm time frame for when a prior act is considered "close enough in time" to be relevant. Rather, deciding whether these prior bad acts are sufficiently recent to the underlying acts of the pending indictment is a discretional matter. Here, the acts at issue occurred approximately six to seven years before the charged conduct. While the Court finds these acts could be considered recent, such a decision should also largely depend upon whether prior acts are necessary to establish a pattern, knowledge or intent – anything other than simply Defendant's propensity to commit the crime. Though this likely is a very close call, the Government fails to supply further reasoning, and as a result, the Court does not find the second prong is met.

The Court finds that the Government has offered adequate reason to show that it could likely satisfy the third prong – that evidence of prior acts is sufficient to support a jury finding that Defendant committed the similar act for which he is currently charged (Doc. 269, pp. 2-3). However, when considering the balancing test as stated under the fourth prong, the Court finds that regardless of its findings of the first three prongs, the prejudice to Defendant outweighs the probative value of the evidence regarding his 1996 arrest and 1997 conviction. If such evidence was admitted, the jury, even if instructed in a limiting fashion, would likely

believe (based on evidence of prior acts alone) that because Defendant was a drug dealer at the time of his prior acts, he is still a drug dealer and convict him on that basis alone.

### III.  CONCLUSION

The Court finds that the Government has failed to meet the first prong, as well as possibly the second prong necessary for admitting evidence of Defendant's prior bad acts, namely his 1996 arrest and 1997 conviction.  Further, the Court finds that any probative value derived from admitting this evidence would be substantially outweighed by its danger of unfair prejudice to Defendant.  As such, in the Court's discretion, such evidence should not be admitted, mentioned or referred to during trial.  Thus, Defendant's Motion in Limine to Bar 404(b) Evidence (Doc. 257) is hereby **GRANTED**.

**IT IS SO ORDERED.**

Signed this 3rd day of October, 2006.

/s/         David RHerndon
**United States District Court**