IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

QUAWNTAY ADAMS, et al.,

    Defendants.                              Case No. 04-CR-30029-DRH

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

Before the Court are two motions filed by defendant Quawntay Adams. Previously, in an Order issued September 8, 2006 (Doc. 266), the Court granted Defendant's oral motion to reopen his Motion to Dismiss Counts One and Two of the Third Superseding Indictment (Doc. 253) in order to supply the Court with supplemental case law regarding one of the arguments made in the Motion. Thus, the Court now again considers Defendant's Motion to Dismiss (Doc. 253), focusing on Defendant's Supplemental Memorandum (Doc. 284). The Government has filed a supplemental opposing Response (Doc. 285), to which Defendant has replied (Doc. 292). Additionally, defendant Adams filed a Motion for Release from Custody Pursuant to **18 U.S.C. § 3164** (Doc. 287), which has also been timely opposed by the Government (Doc. 291). For the reasons as stated in this Order, as well as reasons stated on the record at the September 5, 2006 hearing (Docs. 260, 261 & 286) on

Defendant's Motion to Dismiss (Doc. 253), Defendant's Motions are hereby denied. In making this determination, the Court also deems a hearing upon the merits unnecessary.

I.      **Defendant's Motion to Dismiss - Supplemental Grounds**

In his Supplemental Memorandum, defendant Adams maintains his challenge that more than seventy (70) non-excludable days have elapsed under the Speedy Trial Act (Doc. 284). This is the same overall argument made in his original Motion to Dismiss (Doc. 253), which was thoroughly briefed and argued before the Court. The Court denied the Motion, for reasons stated on the record (Doc. 261), finding that the various Orders granting continuance of trial, challenged by Defendant, did not violate the requirements of the Speedy Trial Act and the time was therefore excludable under the Act (Doc. 286 – *see* Transcript, Motion to Dismiss Hearing, 9/5/2006, 30:19 - 34:5).

1.      **When the Speedy Trial Clock Begins to Run**

The main point of contention, albeit the parties now appear to take altered stances, is when exactly the 70-day speedy trial clock begins to run for defendant Adams. Defendant asserts, in his Supplemental Memorandum, that the speedy trial clock commenced, pursuant to **18 U.S.C. § 3161(c)(1)**, on the date of his Indictment, which was February 18, 2004 (Doc. 30). Although the Government did not agree with this interpretation of **§ 3161(c)(1)** at the September 5, 2006 hearing, in its Response (Doc. 285, pp. 2 & 4), it now also acknowledges this as the

starting point. Reviewing Seventh Circuit case law, the Court finds **§ 3161(c)(1) requires the running of the speedy trial clock to commence at either (1) the indictment; or (2) the defendant's appearance before the judge of the court in which the charge is pending, whichever is the latter. *See United States v. Owokoniran*, 840 F.2d 373, 374 (7th Cir. 1987)("Furthermore, the statutory language [of § 3161(c)(1)] clearly contemplates that the indictment can be the 'last occur[ring]' step, triggering the running of the 70-day period. Thus, where, as here, the defendant has been arrested and appeared before a magistrate prior to his indictment, the time commences running with the indictment.")(internal citations omitted)**.

However, this is somewhat of a moot point due to the fact that codefendants were later added via superseding indictments. Although the Speedy Trial Act provides that a defendant's trial must "commence within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs," there are a number of exclusions which may toll the running of the clock and do not, therefore, count against the seventy days. **18 U.S.C. §§ 3161(c)(1) & (h)**. Most notably for this case, the seventy days did not begin to run until *all* defendants had been arraigned. ***Henderson v. United States***, 476

U.S. 321, 323 n. 2 (1986); *see also Owokoniran*, 840 F.2d at 375.[1]

Given this standard, and because the Superseding Indictments added new codefendants, the speedy trial clock for defendant Adams did not begin running until the day of the arraignment of his last codefendant, Johnny Johnson, was joined in this case, via the Second Superseding Indictment on June 3, 2005 (Docs. 155 & 156).  **See *Henderson*, 476 U.S. at 323 n.2 ("All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant.  *See* 18 U.S.C. § 3161(h)(7).  Once Bell [the latest added defendant] was joined**

---

[1] The Court finds that the joinder of codefendants in this case to be reasonable.  The reasoning behind calculating the speedy trial clock start at the date of the arraignment of Johnny Johnson was well-stated by the Seventh Circuit:

> Section 3161(h)(7) specifically excludes from the time requirements of the Act "[a] reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted."  That provision precisely governs this case and renders proper the exclusion regarding Slaughter.  The defendant does not contest the reasonableness of the excluded period.  Instead, he simply argues that because the government could have indicted Slaughter at the same time it indicted him, but chose not to for strategic reasons, the statutory provision should not apply.  But the statute is not qualified in such terms, and we are without power to rewrite it.  While it is unfortunate that, through no fault of his own, the defendant was held for trial for more than 70 days, this is not enough to convince us to depart from the plain language of the statute.  In ***United States v. Dennis*, 737 F.2d 617 (7th Cir.),** *cert. denied*, **469 U.S. 868, 105 S. Ct. 215, 83 L. Ed.2d 145 (1984)**, for example, we approved a similar exclusion where the defendants were both indicted at the same time, but one was not available for arraignment until other proceedings in another district concluded.  We see no reason to decide this case differently.
>
> While we are aware that the superseding indictment could be used as a device solely to extend the Speedy Trial Act times, the record in this case contains no hint of such abuse.  Indeed, both at the trial court and in this court, defendant has never asserted that the government acted in anything but the utmost good faith.  Were such abuse to occur, we are confident of the ability of the district courts (and the courts of appeal should that be necessary) to deal with it within the framework of the Act.

*Owokoniran*, 840 F.2d at 375.

**with petitioners in the . . .superseding indictment, their 70-day period was measured with respect to his.")**. Although Defendant argues against such a calculation, the Court feels the guidance provided by the United States Supreme Court and Seventh Circuit is enough upon which to base this determination. Beginning the speedy trial clock at this point would effectively moot many of the remaining arguments advanced by defendant Adams. However, the Court feels it important to address the legal issues presented, in order to support its finding of an alternative speedy trial count if it is later determined that the speedy trial clock for defendant Adams began to run on the date of his Indictment, instead.

### 2. The Magistrate's Discovery Order

Defendant argues that the Government is incorrect in claiming that the ten-day pretrial motion filing period authorized by the Pretrial Discovery Order (Doc. 39), entered by the Magistrate Judge on March 2, 2004, is excludable time (Doc. 284, pp. 5-7). Yet, it appears that the Seventh Circuit disagrees with Defendant's assertion. ***See United States v. Garrett*, 45 F.3d 1135, 1138 (7th Cir. 1995)(holding that the 10-day period established by the magistrate judge for filing of pretrial motions was "clearly excludable from the Speedy Trial Act" even though no pretrial motions were ever filed during this time frame)(citing *United States v. Piontek* 861 F.2d 152, 154 (7th Cir. 1988) and *United States v. Montoya*, 827 F.2d 143, 153 (7th Cir. 1987))**. Therefore, the Court finds that the Government's calculation in this regard – finding that the ten days pursuant to the Pretrial Discovery Order, from 3/2/2004 to 3/12/2004 – amounts to ten (10) days

of excludable time within defendant Adam's speedy trial calculation.

### 3. Pretrial Motions of Codefendants

Additionally, Defendant does not agree that certain pretrial motions (Docs. 44-46, 48 & 53), filed by codefendant Pedro Barrios-Casteneda, ascribe excludable time for all Defendants in the case (Doc. 284, p. 9; Doc. 292, pp. 1-2). Defendant does not believe this proper under **18 U.S.C. § 3161(h)(7)** unless "the delay is reasonable" (Doc. 292, p. 2). Defendant also believes that motions to continue trial filed solely by other codefendants (such as Nicole Bowline – *see* Docs. 122 & 139) should not serve to ascribe excludable time to his speedy trial calculation. In support, Defendant cites to **United States v. Neville, 82 F.3d 750, 763 (7th Cir. 1996)**. Although **Neville** noted that such excludable delay pertaining to one codefendant must be "reasonable" in order to be ascribed to all other codefendants, the Seventh Circuit went on to find that the delay was reasonable, and recognized the "'strong congressional preference for joint trials and an intention that delays resulting from the joinder of codefendants be liberally construed.'" **Id. (quoting United States v. Dennis, 737 F.2d 617, 621 (7th Cir. 1984), cert. denied, 469 U.S. 868, 105 S. CT. 215 (1984))**.

The Government opposes this argument, explaining **§ 3161(h)(1)(F)** allows an exclusion for delay resulting from a pretrial motion and that this exclusion can be ascribed to codefendants via **§ 3161(h)(7)**. This interpretation has been upheld by the Seventh Circuit in **United States v. Baker, 40 F.3d 154, 159 (7th Cir. 1994)("'Under § 3161(h)(7), the excludable delay of one defendant may be**

ascribed to all codefendants in the same case, absent severance.'")(quoting *United States v. Tanner*, 941 F.2d 574, 580 (7th Cir.1991), *cert. denied*, 502 U.S. 1102, 112 S. Ct. 1190 (1992)). Further, the Seventh Circuit has upheld the notion that excludable time due to a codefendant's motion for continuance of trial can be ascribed to other codefendants. *See, e.g., United States v. Mustread*, 42 F.3d 1097, 1106 (7th Cir. 1994).

Considering Defendant's argument, the Court believes precedent supports a holding that excludable time caused by the filing of a pretrial motion by a codefendant, such as the ones previously noted in this Order, are properly ascribed to defendant Adams for his speedy trial calculation. Further, the Court finds that the excludable delay was reasonable, as the motions were not frivolous and the Court needed adequate time to rule upon them.

### 4. "Ends of Justice" Findings for Orders Granting Continuances

Although Defendant moved to file a supplemental briefing upon the arguments made in his initial Motion to Dismiss (Doc. 253), he again rehashes the *same* arguments that were already denied by the Court at the September 5, 2006 Hearing.[2] For reasons as stated on the record, the Court found that its Orders met

---

[2] At this Hearing, the Court found that its Orders granting the various Motions to Continue Trial complied with **§ 3161(h)(8)(A)**, in that the "ends of justice" findings were adequate, even if theses findings were subsequently memorialized for several continuance orders. ***See United States v. Janik*, 723 F.2d 537, 544 (7th Cir. 1983)**(holding that the requisite "ends of justice" findings to allow for excludable time "need not be entered at the same time as the grant of the continuance")(internal citation omitted). Further, the Court would again like to note that all but one of the continuances were either made at the request of defendant Adams (some of which, due to his several requests for appointment of new counsel) or a codefendant. ***See***

(Note 2 cont'd on next page)

the requirements of the Speedy Trial Act and the "ends of justice" requirement, as stated in **18 U.S.C. § 3161(h)(8)(A)** (Doc. 286 – *see* Transcript, Motion to Dismiss Hearing, 9/5/2006, 30:19 - 34:5).

Perhaps Defendant is merely trying to bolster the record for an anticipated appeal. Regardless of the reason, on September 8, 2006, the Court granted Defendant's oral Motion to Reopen the Motion to Dismiss (Doc. 253) for the *limited purpose* of supplying the Court with supplemental legal authority to show that the speedy trial clock began on the date of the filing of the Indictment, or February 18, 2004. It was *not* to allow Defendant another bite at the apple in order to raise a multitude of other legal arguments regarding Speedy Trial violations, including ones that have already been decided by this Court (Doc. 261).

   5.   **Speedy Trial Calculation**

The Court calculates that **twenty-one (21) non-excludable days** to have elapsed for defendant Adams in this case. An explanation of this calculation is listed below. The Court notes that because many of the continuance Orders created an "exclusion umbrella," it does not also list the various pretrial motions that were filed during those time periods, as time is already excluded pursuant to **§ 3161(h)(8)(A)**. Further, the Court has already found that all Orders granting the various motions to

---

(Note 2 cont'd from previous page)

***United States v. Baskin-Bey***, 45 F.3d 200, 203 (stating, "it is unfair of [defendant] to ask that the trial date be delayed to suit her . . . and then try to sandbag the government by insisting that the time be counted against the speedy trial clock")(citing ***United States v. Kucik***, 909 F.2d 206, 211 (7th Cir.1990), *cert. denied*, 498 U.S. 1070, 111 S. Ct. 791 (1991)).

continue trial were valid pursuant to the "ends of justice" requirement and therefore constitute excludable time, including the February 8, 2006 Order (Doc. 200) memorializing the ends of justice findings/excludable time, pertaining to its October 19, 2005 Order (Doc. 181) and January 17, 2006 Order (Doc. 192).

**6/03/2005**  Speedy Trial Clock begins to run when last codefendant, Johnny Johnson, is arraigned under the Second Superseding Indictment (Docs. 155 & 156); However, the Magistrate also enters a pretrial discovery order that same date (Doc. 160), allowing for ten (10) days time for parties to file pretrial motions.  **§ 3161(h)(1)**

**6/13/2005**  End of 10-day time period allowed by Pretrial Discovery and Inspection Order (Doc. 160) for parties to file pretrial motions.

***[Non-excludable time from 6/14/2005 to 6/20/2005 (7 days)]***

**6/21/2005**  Pretrial Motion to Sever (Doc. 162) by defendant Adams tolls speedy trial clock until Motion is denied by Order (Doc. 164) on 6/23/2005.  **§ 3161(h)(1)**

***[Non-excludable time from 6/24/2005 to 7/6/2005 (13 days)]***

**7/07/2005**  Motion to Continue Trial (Doc. 167) by defendant Johnson tolls speedy trial clock; Motion is granted by Order (Doc. 169) on 7/13/2005, continuing trial to 11/07/2005.  Time from filing of Motion until new trial date of 11/07/2005 is excludable.  **§ 3161(h)(7); § 3161(h)(8)(A)**

**10/18/2005**  Motion to Continue Trial (Doc. 180) by defendant Adams tolls speedy trial clock; Motion is granted by Order (Doc. 181) on 10/19/2005, continuing trial to 1/30/2006.  Time from filing of Motion until new trial date of 1/30/2006 is excludable.  **§ 3161(h)(8)(A)**

**1/16/2006**  Motion to Continue Trial (Doc. 191) by defendant Adams tolls speedy trial clock; Motion is granted by Order (Doc. 192) on 1/17/2006, continuing trial to 3/27/2006.  Time from filing of Motion until new trial date of 3/27/2006 is excludable.  **§ 3161(h)(8)(A)**

**3/07/2006**      Motion to Continue Trial (Doc. 206) by defendant Adams tolls speedy trial clock; Motion is granted by Order (Doc. 207) on 3/08/2006, continuing trial to 6/26/2006.  Time from filing of Motion until new trial date of 6/26/2006 is excludable. **§ 3161(h)(8)(A)**

**6/12/2006**      Motion to Continue Trial (Doc. 237) by defendant Adams tolls speedy trial clock; Motion is granted by Order (Doc. 238) on 6/13/2006, continuing trial to 9/11/2006.  Time from filing of Motion until new trial date of 9/11/2006 is excludable. **§ 3161(h)(8)(A)**

**9/07/2006**      Motion to Continue Trial (Doc. 262) by defendant Adams tolls speedy trial clock; Motion is granted by Order (Doc. 266), after a hearing, on 9/08/2006, continuing trial to 3/12/2007.  Time from filing of Motion until new trial date of 3/12/2007 is excludable.  **§ 3161(h)(8)(A)**

Alternatively, in the event calculating the start of the speedy trial clock at the arraignment of the last defendant is deemed improper by law, the Court finds that the speedy trial clock for defendant Adams should commence on the date of his original Indictment, February 18, 2004.  It therefore agrees with the speedy trial calculation as set forth by the Government, in its Response (Doc. 285, pp. 4-5), finding that forty-eight (48) non-excludable days have elapsed,[3]

---

[3] As it did with its previous calculation, starting the speedy trial clock from the date of codefendant Johnson's arraignment, the Court is not listing excludable events that have already been covered by the "excludable umbrella" of overlapping motions.

**2/18/2004**      Defendant Adams is Indicted; speedy trial clock begins to run

**3/2/2004**      [*Non-excludable time from 2/19/2004 to 3/1/2004* **(12 days)**]
Pretrial Discovery & Inspection Order (Doc. 30), allows ten days for filing of motions, which tolls speedy trial clock; **§ 3161(h)(1)**

[*Non-excludable time from 3/12/2004 to 3/17/2004* **(5 days)**]

(Note 3 cont'd on pp. 11-12)

---

(Note 3 cont'd from previous page)

| | |
|---|---|
| **3/17/2004** | Motion to Withdraw (Doc. 42) by defendant Adams, granted on same day (Doc. 43), tolls speedy trial clock as pretrial motion. **§ 3161(h)(1)** |
| | [***Non-excludable time from 3/18/2004 to 3/25/2004* (8 days)**] |
| **3/26/2004** | Pretrial Discovery Motions (Docs. 44-48) by defendant Barrios-Casteneda; Order (Doc. 54) on Motions issued 4/19/2004; tolls speedy trial clock for codefendant Adams as well; **§ 3161(h)(1)**; **§ 3161(h)(7)** |
| | [***Non-excludable time from 4/20/2004 to 4/29/2004* (10 days)**] |
| **4/30/2004** | Motion to Continue Trial (Doc. 61) by defendant Adams tolls speedy trial clock; Motion is granted by Order (Doc. 62) on 5/03/2004, continuing trial to 6/14/2004. Time from filing of Motion until new trial date of 6/14/2004 is excludable. **§ 3161(h)(8)(A)** |
| **6/09/2004** | Motion to Continue Trial (Doc. 73) by codefendant Bustos-Aguirre tolls speedy trial clock; Motion to Continue Trial (Doc. 74) also filed by defendant Adams; both Motions are granted by Order (Doc. 75) on 6/10/2004, continuing trial to 9/20/2004. Time from filing of Motion until new trial date of 9/20/2004 is excludable. **§§ 3161(h)(7) & 3161(h)(8)(A)** |
| **9/13/2004** | Motion to Continue Trial (Doc. 91) by defendant Adams tolls speedy trial clock; Motion is granted by Order (Doc. 92) on 9/14/2004, continuing trial to 11/29/2004. Time from filing of Motion until new trial date of 11/29/2004 is excludable. **§ 3161(h)(8)(A)** |
| **11/23/2004** | Motion to Continue Trial (Doc. 110) by defendant Adams tolls speedy trial clock; Motion is granted by Order (Doc. 111) on 11/23/2004, continuing trial to 2/14/2005. Time from filing of Motion until new trial date of 2/14/2005 is excludable. **§ 3161(h)(8)(A)** |
| **1/28/2005** | Motion to Continue Trial (Doc. 122) by codefendant Bowline tolls speedy trial clock; Motion is granted by Order (Doc. 125) on 2/01/2005, continuing trial to 3/21//2005. Time from filing of Motion until new trial date of 3/21/2005 is excludable. **§§ 3161(h)(7) & 3161(h)(8)(A)** |
| **2/18/2005** | Motion to Continue Trial (Doc. 131) by defendant Adams tolls speedy trial clock; Motion is granted by Order (Doc. 132) on 2/22/2005, continuing trial to 5/22/2005. Time from filing of Motion until new trial date of 5/22/2005 is excludable. **§ 3161(h)(8)(A)** |
| **4/13/2005** | Motion to Continue Trial (Doc. 139) by codefendant Bowline tolls speedy trial clock; Motion is granted by Order (Doc. 141) on 4/18/2005, continuing trial to 6/13/2005. Time from filing of Motion until new trial date of 6/13/2005 is excludable. **§§ 3161(h)(7) & 3161(h)(8)(A)** |

For these reasons, the Court again **DENIES** Defendant's Motion to Dismiss (Doc. 253, including supplemental memorandum - Doc. 284), finding that the Government has not violated the Speedy Trial Act, as there has not been more

---

(Note 3 cont'd from previous page)

**4/20/2005** — Motion to Reset Trial Date (Doc. 142) by Gov't tolls speedy trial clock; Motion is granted by Order (Doc. 144) on 4/27/2005, continuing trial to 6/20/2005.  Time from filing of Motion until new trial date is excludable. **§ 3161(h)(8)(A)**

**5/18/2005** — Motions to Sever (Docs. 145 & 146); Motion to Withdraw as Attorney (Doc. 147) by defendant Adams tolls speedy trial clock; Motions denied by Order (Doc. 164) on 6/23/2005.  **§ 3161(h)(1)**

[*Non-excludable time from 6/23/2005 to 7/6/2005* **(13 days)**]

**7/07/2005** — Motion to Continue Trial (Doc. 167) by defendant Johnson tolls speedy trial clock; Motion is granted by Order (Doc. 169) on 7/13/2005, continuing trial to 11/07/2005.  Time from filing of Motion until new trial date of 11/07/2005 is excludable.  **§ 3161(h)(7)**; **§ 3161(h)(8)(A)**

**10/18/2005** — Motion to Continue Trial (Doc. 180) by defendant Adams tolls speedy trial clock; Motion is granted by Order (Doc. 181) on 10/19/2005, continuing trial to 1/30/2006.  Time from filing of Motion until new trial date of 1/30/2006 is excludable.  **§ 3161(h)(8)(A)**

**1/16/2006** — Motion to Continue Trial (Doc. 191) by defendant Adams tolls speedy trial clock; Motion is granted by Order (Doc. 192) on 1/17/2006, continuing trial to 3/27/2006.  Time from filing of Motion until new trial date of 3/27/2006 is excludable.  **§ 3161(h)(8)(A)**

**3/07/2006** — Motion to Continue Trial (Doc. 206) by defendant Adams tolls speedy trial clock; Motion is granted by Order (Doc. 207) on 3/08/2006, continuing trial to 6/26/2006.  Time from filing of Motion until new trial date of 6/26/2006 is excludable.  **§ 3161(h)(8)(A)**

**6/12/2006** — Motion to Continue Trial (Doc. 237) by defendant Adams tolls speedy trial clock; Motion is granted by Order (Doc. 238) on 6/13/2006, continuing trial to 9/11/2006.  Time from filing of Motion until new trial date of 9/11/2006 is excludable.  **§ 3161(h)(8)(A)**

**9/07/2006** — Motion to Continue Trial (Doc. 262) by defendant Adams tolls speedy trial clock; Motion is granted by Order (Doc. 266), after a hearing, on 9/08/2006, continuing trial to 3/12/2007.  Time from filing of Motion until new trial date of 3/12/2007 is excludable.  **§ 3161(h)(8)(A)**

than seventy (70) non-excludable days accumulated since Defendant's Indictment.

## II.     Defendant's Motion for Release from Custody

Additionally, Defendant filed a Motion for Release from Custody Pursuant to **18 U.S.C. § 3164**[4] (Doc. 287), to which the Government opposes (Doc. 291).  This Motion is also based upon Defendant's argument that the Speedy Trial Act has been violated.  Defendant claims that under **§ 3164**, he should be released from custody because he believes more than ninety (90) non-excludable days have elapsed under the Speedy Trial Act.  However, because the Court has determined there has been no violation of the Speedy Trial Act, Defendant's Motion (Doc. 287) is not well-taken and therefore **DENIED**.  Moreover, the Court remains well-aware of the fact that Defendant's criminal history and pending charges, especially the

---

[4] **18 U.S.C. § 3164** states, in pertinent part:
   **(a)** The trial or other disposition of cases involving--

   **(1)** a detained person who is being held in detention solely because he is awaiting trial, and
   **(2)** a released person who is awaiting trial and has been designated by the attorney for the Government as being of high risk, shall be accorded priority.

   **(b)** The trial of any person described in subsection (a) (1) or (a) (2) of this section shall commence not later than ninety days following the beginning of such continuous detention or designation of high risk by the attorney for the Government. The periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section.

allegations of Defendant's recent escape attempt, clearly shows that he is undoubtedly a flight risk and poses a danger to the community. As such, the Court does not find need to conduct a hearing on the matter.

**IT IS SO ORDERED.**

Signed this 22nd day of December, 2006.

/s/        David RHerndon
**United States District Judge**
