# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**QUAWNTAY ADAMS,**                         Case No. 04-cr-30029-3-DRH

    **Defendant.**

## ORDER

**HERNDON, District Judge:**

Trial was set to begin in this matter for defendant Quwantay Adams on March 5, 2008. However, before trial commenced, it was brought to the Court's attention that certain intervening circumstances occurring within the past several days now puts the Defendant's competency at issue. Defendant, while housed at Clinton County Jail, had been taken to see a physician to treat his anxiety. The treating physician wrote a letter to the U.S. Marshal, stating that from his examination of Defendant, he seemed to be experiencing periods of psychosis and therefore the physician does not believe Defendant to be competent. The physician's finding, while not conclusive or statutorily sufficient to allow the Court to presently proceed with a competency hearing, allows for the possibility that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Therefore, the Court hereby issues this Order *sua sponte*, for a determination of Defendant's competency in accordance with **18 U.S.C. § 4241(a)**. Accordingly, the Court **ORDERS** as follows:

A psychiatric or psychological examination of defendant Quawntay Adams shall be conducted by a licensed or certified psychiatrist or psychologist at an institution to be designated by the Attorney General. **The examination shall be completed within 45 days unless an extension of this time is granted by the Court.** A psychiatric or psychological report shall be filed with this Court in accordance with 18 U.S.C. § 4247(c), with copies to counsel, and shall include:

1. The Defendant's history and present symptoms;

2. A description of the psychiatric/psychological and medical tests that were employed and their results; and

3. The examiner's findings (including the examiner's opinions as to diagnosis and prognosis) as to whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The United States Marshal shall transport the Defendant to the institution designated by the Attorney General and upon completion of the examination, return him to the Court for a competency hearing in accordance with the provisions of Title 18 U.S.C. § 4241(a) and (c) and 4247(d).

The 45 days allowed for the examination under this Order shall begin on the day the Defendant is first physically present at an institution designated by the

Attorney General.

Under **18 U.S.C. § 3161(h)(1)(A)**, any period of delay resulting from examinations to determine a defendant's competency is considered excludable under the Speedy Trial Act. Therefore, by operation of this Order, Defendant's JURY TRIAL is continued from its current setting to **July 14, 2008 at 9:00 a.m**, finding that pursuant to **18 U.S.C. § 3161(h)(1)(A)**, the ends of justice served by the granting of such continuance outweigh the best interests of the public and Defendants in a speedy trial. The time from the date of this Order until the new trial date, July 14, 2008, is excludable time for the purposes of the Speedy Trial Act.

Lastly, the Court finds as moot any and all applications for writ of habeas corpus ad testificandum filed by Defendant. Defendant shall re-file, if necessary, closer to the new trial date, as the persons sought may not remain in the same correctional facilities.

**IT IS SO ORDERED.**

Signed this 5th day of March, 2008.

/s/     *DavidRHerndon*
**Chief Judge**
**United States District Court**