IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

QUAWNTAY ADAMS, et al.,

    Defendants.                                    Case No. 04-CR-30029-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court is a Motion to Dismiss Counts Three Through Six of the Third Superseding Indictment for Violation of the Speedy Trial Act, filed by defendant Quawntay Adams (Doc. 355). In this Motion, Defendant advances no new arguments or rationale, but instead, incorporates by reference his Supplemental Memorandum (Doc. 284), filed October 27, 2006, in support of his Reopened Motion to Dismiss Counts 1 and 2 of the Third Superseding Indictment (Doc. 253). Defendant additionally incorporates by reference his Writ of Mandamus with the Seventh Circuit, filed on August 8, 2007,[1] to support his instant argument that more than seventy non-excludable days have elapsed between February 19, 2004 and the commencement of his trial regarding Counts 3 through 6, in violation of the Speedy Trial Act.

---

[1] Defendant's Writ of Mandamus was denied by the Seventh Circuit in an Order, dated August 9, 2007 (Doc. 307).

On December 22, 2006, the Court issued its Order (Doc. 293) denying Defendant's Reopened Motion to Dismiss Counts 1 and 2 of the Third Superseding Indictment (Doc. 253), including his Supplemental Memorandum (Doc. 284). Defendant's instant Motion (Doc. 355) does not change the Court's prior rationale as to why it finds Defendant's arguments unavailing – the Court finds no violation of the Speedy Trial Act regarding Defendant in this matter. Simply because Defendant now moves to dismiss Counts 3 through 6 of the Third Superseding Indictment rather than Counts 1 and 2 will not change the Court's previous analysis or Speedy Trial Act computations as stated in its prior Order (Doc. 293) denying the dismissal. Accordingly, the Court incorporates by reference its prior Order (Doc. 293), issued on December 22, 2006, denying Defendant's Reopened Motion to Dismiss Counts 1 and 2 of the Third Superseding Indictment (Doc. 253), including his supplemental memorandum (Doc. 284). In particular, the Court incorporates by reference its analysis, rationale and Speedy Trial Act computations, stated in its previous Order (Doc. 293), as the basis for **DENYING** Defendant's instant Motion to Dismiss Counts Three Through Six of the Third Superseding Indictment for Violation of the Speedy Trial Act (Doc. 355).

**IT IS SO ORDERED**.

Signed this 2nd day of June, 2008.

/s/     David R Herndon
**Chief Judge**
**United States District Court**