IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

QUAWNTAY ADAMS,

    Defendant.                                                                 Case No. 04-cr-30029-3-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Pending before the Court are four separate Motions:

**1.  Motion for Rule 15 Evidence Deposition**

The first is the Government's Motion for Evidence Deposition Pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 15** (Doc. 303). In this Motion, the Government requests authorization to conduct an evidence deposition of Doyle Cutright at the FCI-Ashland, in Ashland, Kentucky. Due to the repeated continuation of Defendant's trial for various reasons, this Motion was filed nearly a year ago, on August 13, 2007, when trial was set for August 20, 2007. Thus, the Court ordered an expedited response from Defendant by August 14, 2007 (Doc. 204). Defendant never filed a response. For good cause and also for Defendant's failure to voice an opposition to the request, the Government's Motion for Evidence Deposition (Doc. 303) is **GRANTED**.

**2.    Motions in Limine - Chain of Custody**

Next, the Government has filed two Motions in Limine regarding establishing chain of custody (Docs. 305 & 334). Both Motions request that the Court entered an order prohibiting Defendant from raising any issue contesting the chain of custody of certain drug exhibits to be offered. In support, the Government states that at all times from and since their recovery, these exhibits have remained in official custody with no signs of tampering therewith. Further, the Government states that calling all chain of custody witnesses to testify, some of whom are located as far as Paris, France, "will unnecessarily prolong this trial."

In the first Motion in Limine (Doc. 305) was filed in August, 2007 before the then-pending August 20, 2007 trial date. Defendants were again issued to file an expedited response (Doc. 306). Defendants failed to do so. The second Motion in Limine (Doc. 334) was filed at the end of February, 2008, prior to the then-pending March 3, 2008 trial date. Again, the Court ordered Defendant to file his expedited response (Doc. 335), and again, no response was ever filed.

By virtue of Defendant's failure to respond, the Court hereby **GRANTS** the first Motion in Limine (Doc. 305) and thereby **FINDS AS MOOT** the second Motion in Limine (Doc. 334), as it requests the same relief. Accordingly, Defendant is prohibited during trial from contesting the chain of custody regarding the drug exhibits.

**3.     Motion in Limine - Weapons, Acts of Violence, Cocaine or Gangs**

The last pending motion before the Court is Defendant's Motion in Limine to Exclude References to Weapons, Acts of Violence, Cocaine or Gangs (Doc. 352), to which the Government has filed its opposing Response (Doc. 354). In sum, Defendant argues that the unfair prejudice cased by any reference made or evidence thereof would substantially outweigh the probative value, pursuant to **FEDERAL RULE OF EVIDENCE 403.** Further, Defendant believes that evidence related to gang association, weapons, cocaine, acts of violence or threats of violence is irrelevant to the charges against him for distribution of marijuana, money laundering and jail escapes, serving only to confuse or mislead the jury.

*Gang Affiliation*

In response, the Government states that it does not expect to adduce any testimony regarding gang affiliation. Thus, Defendant's Motion in Limine will be granted in part, in that during trial, the Government is prohibited from referring to or introducing evidence of (including adducing witness testimony) Defendant's gang affiliation.

*Weapons*

Regarding Defendant's request to exclude reference or evidence of weapons, the Government responds that its version of the offense sets of the possession of a firearm in the apartment rented by co-defendant Johnny Johnson with funds provided by Defendant. This apartment, the Government notes, was procured for the purposes of distributing controlled substances. Therefore, during

trial, the Government may refer to or introduce evidence regarding this specific firearm, as described in its Response (Doc. 354, ¶ 2), but prohibits the Government from reference to or introducing evidence of any other weapons.

### *Cocaine*

The Government also believes it should be able to refer to or introduce evidence of Defendant's alleged cocaine dealings as they are part and parcel of the conspiracy charged in Count I of this case. In particular, the Government states that during the conspiracy, as charged in Count I, Stephen Carraway purchased cocaine from Defendant and Jorge Gomez sold cocain to Defendant (Doc. 354, ¶ 3). The Government also asserts that David Clayton observed Defendant cooking powder cocaine into crack. The Court will allow the Government, during trial, to refer to or introduce evidence of Defendant's involvement with cocaine, as specifically described in its Response (*Id*. at ¶ 3). However, the Government will be prohibited during trial from referring to or introducing evidence of Defendant's involvement with cocaine in any way not specifically described in its Response.

### *Acts of Violence*

The Government asserts that it should be able to introduce evidence, during trial, of Defendant's assault on co-defendant Nicole Bowline, who Defendant used as a drug courier, when she told her aunt of her whereabouts; Defendant did not want Bowline revealing where she was staying or what she was doing (Doc. 354, ¶ 4). The Government also believes it should be allowed to introduce evidence that subsequent to Defendant's arrest, he spoke with Leander Brooks, asking him to call

Defendant's "people" in California to have them "grab up" one of the "Mexican's people" to prevent further cooperation by co-defendant Angel Bustos-Aguirre (Doc. 354, ¶ 5). Accordingly, the Court will allow the Government to introduce evidence of Defendant's violent acts, but only as specifically described in its Response (*Id*. at ¶¶ 4-5). As to other violent acts, the Government will be barred from introducing such evidence during trial.

In sum, Defendant's Motion in Limine (Doc. 352) is **GRANTED IN PART AND DENIED IN PART**. During trial, the Government will be allowed to make reference to or introduce evidence of weapons, cocaine and acts of violence, as they relate to Defendant only as *specifically set forth* in the Government's Response (Doc. 354), as previously discussed.

**IT IS SO ORDERED**.

Signed this 7th day of July, 2008.

/s/      David R Herndon

**Chief Judge**
**United States District Court**