# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

[ ] BENTON     [X] EAST ST. LOUIS     [ ] CONTESTED     [X] UNCONTESTED

### MINUTES OF DISPOSITION

U.S.A. v. **QUAWNTAY ADAMS**     CRIMINAL NO. **04-CR-30029-03-DRH**

DEFT. COUNSEL: **ADAM FEIN**     JUDGE: **CHIEF JUDGE DAVID R. HERNDON**

GOVT. COUNSEL: **STEVE CLARK**     DATE **MAY 12, 2011**

REPORTER: **LAURA BLATZ**     DEPUTY: **SANDY PANNIER**     TIME: **9:35 AM -12:20 PM**

**CASE IS BEFORE THE COURT TODAY ON REMAND FROM THE U. S. COURT OF APPEALS.**

COURT'S RULINGS ON OBJECTIONS TO PRE-SENTENCE REPORT: **COURT OVERRULES DEFENDANT'S OBJECTIONS**

TOTAL AMOUNT OF **CONTROLLED SUBSTANCE** (e.g. cocaine base, marijuana, etc.) CONSTITUTING DEFENDANT'S RELEVANT CONDUCT IS **400 - 700 KILOGRAMS OF MARIJUANA**

OFFENSE LEVEL: **37**     CRIMINAL HISTORY CATEGORY: **VI**
SENTENCE RANGE: **360 - life (Count 2)**     FINE RANGE: **$20,000 - $4 million**
SUPERVISED RELEASE RANGE: **8 years**

\_\_\_\_\_ CUSTODY OF ATTORNEY GENERAL     **X** CUSTODY OF BUREAU OF PRISONS

SENTENCE: **420 MONTHS. THIS CONSISTS OF A TERM OF 420 ON COUNT 2 AND 60 MONTHS ON EACH OF COUNTS 4, 5 AND 6, ALL TO RUN CONCURRENTLY.**

**X** UPON RELEASE FROM IMPRISONMENT, DEFENDANT PLACED ON **SUPERVISED RELEASE** FOR **8 YEARS ON COUNT 2 AND A TERM OF 3 YEARS ON COUNTS 4, 5 AND 6, TO RUN CONCURRENTLY**

CONDITIONS OF SUPERVISION:

[X] Within 72 hours of release from BOP, defendant to report to probation in district released.

[X] The defendant shall cooperate in the collection of DNA as directed by the probation officer.

[X] Defendant shall not commit any further crimes.

[X] Defendant shall not illegally possess any controlled substances.

[X] Defendant shall not possess firearm or other destructive device.

[X] Defendant shall submit within 15 days for drug urinalysis.

[X] Payments are due immediately, through the Clerk of the Court. The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be paid in equal monthly installments of $25 or 10% of defendant's monthly net monthly income, whichever is greater, over a period of 40 months, to commence 30 days after release from imprisonment to a term of supervision.

[ X ] The defendant shall participate, as directed and approved by the probation officer, in treatment for narcotic addiction, drug dependence or alcohol dependence, which includes urinalysis or other drug detection measures and which may require residence and/or participation in a residential treatment facility. Any participation will require complete abstinence from all alcoholic beverages. Defendant shall pay for the costs associated with substance abuse counseling and/or testing based on a co-pay sliding fee scale as directed and approved by the U. S. Probation Office. Co-pay shall never exceed the total costs of counseling.

[ X ] Defendant shall provide the probation officer and the Financial Litigation Unit of the United States Attorney's Office with access to any requested financial information.

[ X] The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-oriented financial obligations. The defendant shall immediately notify the probation officer of the receipt of any indicated monies.

[ X ] The defendant shall submit his person, residence, real property, place of business, computer, or vehicle to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

[ X ] The defendant shall participate in a program of mental health treatment as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

[ X] DEFENDANT SHALL PAY A FINE IN THE AMOUNT OF $ __150.00__ ON EACH OF COUNTS __2, 4, 5 and 6__ FOR A TOTAL FINE IN THE AMOUNT OF $ __600.00__

[ ] INTEREST WAIVED        [ ] INTEREST IMPOSED

[ ] FINE TO BE PAID FROM PRISON EARNINGS, OR WHILE DEFENDANT IS ON SUPERVISED RELEASE.

[X ] **SPECIAL ASSESSMENT** OF $ __100.00__ ON EACH OF COUNT(S) __2, 4, 5 and 6__
        TOTAL $ 400.00    DUE IMMEDIATELY.

[] COURT FINDS DEFENDANT'S FINANCIAL CONDITION IS SUCH THAT HE IS UNABLE TO:
    [ ] PAY RESTITUTION, [ ] PAY A FINE, [ ] PAY COSTS OF INCARCERATION OR SUPERVISION
AND THEY ARE WAIVED.

[ x ] DEFENDANT ADVISED OF RIGHT TO APPEAL WITHIN 14 DAYS.

[ ] RECOMMENDATION _____

[ ] BOND: [ ] REVOKED  [X ] REMANDED  [ ] CONTINUED; DEFENDANT TO VOLUNTARILY
    SURRENDER AS NOTIFIED BY USM TO DESIGNATED INSTITUTION;
        OR [ ] SURRENDER TO USM ON _____

[ X ] COUNT(S) ____3____ DISMISSED AS DEFENDANT ADJUDGED NOT GUILTY.

[X ]    **DEFENDANT REQUESTS CLERK FILE NOTICE OF APPEAL**