IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 04-CR-30029-NJR-3 |
| QUAWNTAY ADAMS, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss for Lack of Jurisdiction Defendant's Motion for a Sentencing Reduction filed by the United States (Doc. 565). For the reasons set forth below, the Court denies the motion.

### FACTUAL & PROCEDURAL BACKGROUND

On December 12, 2008, Quawntay Adams was sentenced on several counts, including possession with intent to distribute marijuana. *United States v. Adams*, 451 F. App'x 576, 577 (7th Cir. 2011). During sentencing, District Judge David Herndon (now retired from this court) applied a statutory sentence enhancement due to Adams's prior 1997 conviction for a drug-related felony that carried a maximum term of five years' imprisonment (Doc. 565 at 5). Judge Herndon also applied a sentencing enhancement based on a finding that Adams was a career criminal, a determination based on two previous convictions: (1) a 1993 conviction for assault on a peace officer with a deadly weapon; and (2) the 1997 drug conviction (*Id.*). Adams was sentenced to a term of 420 months in prison, a term that was reimposed upon resentencing even after his conviction

for money laundering was struck down by the Seventh Circuit. *United States v. Adams*, 451 F. App'x 576 (7th Cir. 2011).

Adams appealed his sentence twice and also filed a collateral attack on his sentence under 28 U.S.C. § 2255 (Doc. 565 at 5-11). In all of his previous challenges to his sentence, Adams repeatedly attacked the sentencing range prescribed according to the guidelines, challenging the application of enhancements for career offender status and his prior drug conviction.

Adams has now brought a new Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A), arguing that extraordinary and compelling reasons warrant a reduction in his sentence (Doc. 555). Among his arguments, Adams specifically cites the First Step Act, Pub. Law 115-391, 132 Stat. 5194 (2018). That Act modified the sentence enhancement for a prior drug conviction, instead requiring that a predicate offense be punishable by more than 10 years imprisonment, meaning that Adams's prior conviction would no longer provide a basis for such an enhancement.

The United States has moved to dismiss Adams's Motion, citing to the Seventh Circuit's decision in *United States v. Arojojoye*, 2020 U.S. App. LEXIS 8842, for the proposition that his motion constitutes an impermissible successive habeas petition which this Court lacks jurisdiction to grant (Doc. 565). In *Arojojoye*, the Seventh Circuit reviewed a post-judgment motion for "compassionate release" brought under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), noting that the defendant had previously brought a collateral attack against his sentence 28 U.S.C. § 2255 on the exact same grounds as his motion under the First Step Act. Noting that "any post-judgment motion in a criminal

proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion[,]" the Seventh Circuit concluded that the defendant's motion for compassionate release was thus properly treated as a Section 2255 motion. *Id.* at *5 (citing *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007)). Under 28 U.S.C. § 2244, successive motions under Section 2255 can only be brought under certain narrow exceptions, which the Seventh Circuit concluded did not apply in *Arojojoye*, affirming the district court's dismissal of defendant's motion. *Id.*

Unlike in *Arojojoye*, however, Adams's motion does fit into one of the exceptions listed in 28 U.S.C. § 2244. Specifically, Section 2244 notes that a claim in a successive Section 2255 motion that was not advanced in a previous Section 2255 motion will not be dismissed if "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence[.]" 28 U.S.C. § 2244(b)(2)(B)(i). While Adams did previously challenge application of sentencing enhancements in the calculation of his sentence, he did so on different grounds that were unrelated to the First Step Act. Indeed, the First Step Act was not law at the time of Adams's sentencing or re-sentencing, and thus Adams could not previously have challenged his sentence on this basis. While 28 U.S.C. § 2244 is designed to prevent repeated, frivolous attacks against a sentence, it does not mean that a single Section 2255 motion will forever shut the door against any future attacks on a sentence, even when new information and changes in law may create valid grounds for such a challenge.

Accordingly, the Court **DENIES** the United States's Motion to Dismiss (Doc. 565).

The United States shall respond to Adams's Motion to Reduce Sentence (Doc. 555) within **14 days** from the date of this order.

    **IT IS SO ORDERED.**

    **DATED:   May 27, 2020**

*(signature)*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**