IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 04-cr-30029-NJR-3 |
| QUAWNTAY ADAMS, | ) ) ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
FOR EARLY TERMINATION OF SUPERVISED RELEASE**

The United States of America, by and through its attorneys, Rachelle Aud Crowe, United States Attorney for the Southern District of Illinois, and William E. Coonan, Assistant United States Attorney, respectfully responds to defendant Quawntay Adams' motion for early termination of supervised release". (Doc. 588).

**I. INTRODUCTION**

Defendant Quawntay Adams requests that this Court order the early termination of his supervised release. He has now served more than the required one year of supervision before applying for early termination. The United States, however, asserts that Mr. Adams is not yet a good candidate for early termination of his sentence of eight (8) years of supervised release. Therefore, the United States has an objection to this Court terminating the defendant's term of supervised release.

**II. BACKGROUND**

**Criminal Case Proceedings**. On July 25, 2008, the federal jury found the defendant guilty to possession with intent to distribute over 100 kilograms of marijuana in violation of 21 U.S.C.§ 841(a) & 841(b)(1)(B) and escape from custody in violation of 18 U.S.C. § 751.

(Docs. 413-415).  On May 12, 2011, the Court sentenced the defendant to 420 months in prison and to be followed by supervised release for eight (8) years. (Docs. 522, 523).

On or about July 24, 2020, the defendant was released from the custody of the Federal Bureau of Prisons. See < https://www.bop.gov/inmateloc/> (re: Quawntay Adams with Reg. No. 06534-025). *See also* Docs. 582-585.

**Motion for Early Termination of Supervised Release**.  On January 17, 2023, the defendant filed his motion for early termination of supervised release. (Doc. 588).

### III. LEGAL FRAMEWORK

**Considerations**. Under 18 U.S.C. § 3583(e), "[t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

*See also United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011).

**Hearing**.  Generally, the district court is required to hold a hearing to consider a modification of supervision. Fed. R. Crim. P. 32.1(c)(1).  A hearing, however, is not required if "the relief sought is favorable to the person and does not extend the term of … supervised release[.] *Id*., Rule 32.1(c)(2)(B).

### IV. ANALYSIS

1. **Expiration of one year of supervised release**.  The defendant's term of supervised release started when he was released from custody on July 24, 2020.  He has been on supervised release for approximately two and one-half (2-1/2) years (July 24, 2020, through this

filing date of January 31, 2023). Therefore, the defendant has met the requirement of section 3583(e)(1).

2.  **Section 3553(a) factors**. With respect to section 3553(a)(1), the nature and circumstances of the defendant are that he dealt over 100 kilograms of marijuana and escaped from federal custody. These are both serious and dangerous offenses.

With respect to section 3553(a)(2)(B), the serving of less than one-third of his sentence of supervised release for serious and dangerous offenses may not have afforded the defendant adequate deterrence from further criminal conduct.

With respect to section 3553(a)(2)(C), the serving of less than one-third of his sentence of supervised release for serious and dangerous offenses may not have provided confidence of protection of the public from further crimes of the defendant.

With respect to section 3553(a)(2)(D), the defendant appears not needing any further benefits of training and treatment under supervision because he is employed.

With respect to section 3553(a)(4), the District Court has already considered the defendant's terms of sentences of imprisonment and supervision, although the district court will now consider any early termination of supervised release.

With respect to section 3553(a)(5), no particular policy statement appears to be pertinent to this issue of early termination of supervised release.

With respect to section 3553(a)(6), no particular sentences (or modifications to sentences) appear to be pertinent to this issue of early termination of supervised release.

With respect to section 3553(a)(7), the defendant was not ordered to pay any restitution pursuant to the Judgment (Doc. 523).

2. **Termination may be warranted by the defendant's conduct on release and by the interest of justice.** Both the United States Probation Office and the United States Attorney's Office oppose an early termination of his supervised release. The United States Probation Office in the Central District of California, where the defendant is being supervised, indicates the following:

> USPO [] and I staffed his case today and we oppose his request for early termination based on the following reasons:
>
> - The underlying offense involved a jury coming back with several very serious convictions that took place over two years (as opposed to just one incident).
> - His prior criminal record is extremely serious and includes violence, weapons, forgery and a prior drug transportation case.
> - He is a Moderate/3 risk for recidivism, based upon the Post Conviction Risk Assessment (PCRA), actuarial risk and needs assessment tool, developed by the Administrative Office of the U.S. Courts and endorsed by the Judicial Conference Committee on Criminal Law.
> - He was originally given a sentence of 420 months custody (35 years), but he was granted a compassionate release on 7/23/20, after serving only approximately 16 years.
> - He has not even completed one third of his term of supervised release.
> - He has not provided verification of any employment while on supervision, other than his movie deal. He has not provided any documentation of the non-profit organization he has reportedly started.
> - It appears his main reason for early termination is to "enjoy his freedom and be more affective in his work without the travel restrictions and limitation". That does not appear to be a legitimate reason to grant early termination, especially since he has not even completed one third of his term of supervised release. Our office will continue to approve reasonable and appropriate travel requests, as I am not aware of any of his travel requests being denied.
>
> For the reasons stated above, our office cannot support his request for early termination. Mr. Adams has maintained a stable residence, remained free of any known criminal behavior, completed treatment and has been cooperative with the Probation Officer. However, all of those are expected of someone on supervised release and alone they do not warrant early termination.

Based on the defendant's criminal history from the underlying conviction and noted in his PSR (Doc. 476) and further from his unremarkable short time on supervision, the United States respectfully opposes the defendant being granted early termination of his supervised release.

## V. CONCLUSION

The United States respectfully opposes and responds to the defendant's filing and submits it has an objection to an early termination of the defendant's supervised release.

Respectfully submitted,

RACHELLE AUD CROWE
United States Attorney

*/s/ William E. Coonan*
WILLIAM E. COONAN
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
(618) 628-3700 (office)
(618) 628-3730 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2023, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.   Further, I hereby certify that on January 31, 2023, I caused to be mailed the foregoing to the defendant:

Mr. Quawntay Adams
45014 Denmore Avenue
Lancaster, CA 93535

*/s/ William E. Coonan*
WILLIAM E. COONAN
Assistant United States Attorney