IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

QUAWNTAY ADAMS,

        Defendant.

Case No. 3:04-CR-30029-3-NJR

# ORDER

**ROSENSTENGEL, Chief Judge:**

    Pending before the Court is a Motion for Early Termination of Supervised Release filed by Defendant Quawntay Adams. (Doc. 588). Adams seeks the early termination of his eight-year period of supervised release after serving almost three years of his term. (*See* Doc. 586; Doc. 591). The Government and United States Probation Office in the Central District of California (where Adams is currently under supervision) oppose the motion. (Doc. 591). Adams filed a timely reply to the Government's response in opposition. (Doc. 592).

    Under 18 U.S.C. § 3583(e)(1), "[t]he court may, after considering the factors set forth in section 3553(a) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]"

    As an initial matter, Adams has served more than one year of his term of supervised

release which began in July 2020. (Doc. 586). He was originally sentenced to a 420-month term of imprisonment. (Docs. 522; 523). In early 2020, Adams moved for Compassionate Release, which the Court granted, and Adams was released from prison in July 2020. (Docs. 555; 558; 582-586). Thus, Adams has served two years and nine months of supervised release.

Turning next to the Section 3553(a) factors, the general considerations involve the need for the sentence imposed to reflect the seriousness of the offense, deter similar conduct, protect the public from further crimes, and provide a defendant with opportunity for rehabilitation. Here, an additional five years and three months of supervision is unnecessary to serve these objectives. Adams was sentenced for possession with intent distribute large quantities of marijuana, attempted escape from Federal custody, and escape from Federal custody. Notably, his preceding attempts and ultimate escape occurred in 2004 and 2006 respectively—at least 17 years ago. Since those attempts, Adams avoided any major infraction during his time in prison and for almost three years on supervised release. The offenses for which he remains on supervised release, while serious, were not violent. It is true that Adams has a criminal history marked with some violent offenses, however, such crimes occurred 30 years ago in Adams's youth and are unrelated to his current stint of supervised release. The length of time Adams spent in prison as well as on supervised release serves as sufficient deterrent, specifically and generally, against committing these crimes. Furthermore, the Court observes, as it did in its Order granting compassionate release (Doc. 582), that Adams does not appear to pose a danger to society. In fact, Adams's compliance while on supervised release strengthens this conclusion. Lastly, in its response, the Government concedes that Adams does not need further educational, vocational, or

treatment resources available through supervised release, that no sentencing commission policy statement applies, and that Adams does not owe restitution. (Doc. 591). During supervised release, the Probation Office reports that Adams has maintained a stable residence, has remained free of any known criminal behavior, has completed treatment, and has been cooperative with his Probation Officer. (*Id.*).

Despite opposition from the Government and Probation Office, after considering Adams's motion and the 18 U.S.C. § 3553(a) factors, the Court finds that early termination of Adams's supervised release is warranted by his conduct and in the interest of justice. The Court commends Adams's efforts towards rehabilitation thus far and encourages him to remain on the constructive path he has charted for himself, to continue his practice of mentorship and serving as a role model, to surround himself with people of positive influence, and, importantly, to avoid any criminal activity that could ruin his plans for a bright future.

Accordingly, the Motion for Early Termination of Supervised Release filed by Defendant Quawntay Adams (Doc. 588) is **GRANTED**. The previously imposed term of supervised release is **TERMINATED** as of the date of this Order.

**IT IS SO ORDERED.**

DATED:  April 27, 2023

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**